IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KERVY E. RILEY, | § | |
| | § | |
| Defendant Below, | § | No. 54, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1711011889 & |
| | § | 1307019304 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 25, 2019
Decided: March 5, 2019

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On February 11, 2019, the appellant, Kervy E. Riley, filed a notice of appeal from a Superior Court order, dated and docketed on December 6, 2018, denying his motion for postconviction relief. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before January 7, 2019. The Senior Court Clerk issued a notice directing Riley to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2) In his response to the notice to show cause, Riley argues the merits of his postconviction motion, but does not address or explain his failure to file a timely

notice of appeal. Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(3) Riley does not contend, and the record does not reflect, that his failure to file a timely appeal is attributable to court-related personnel. This appeal does not fall therefore within the general exception that mandates the timely filing of a notice of appeal and must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).